515 A.2d 980

**WASHINGTON FEDERAL SAVINGS AND LOAN ASSOCIATION**

v.

**Marc D. STEIN and Sandra S. Stein, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued March 25, 1986.

Filed Sept. 29, 1986.

Edwin W. Robey, Washington, for appellants.
David S. Posner, Washington, for appellee.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from a summary judgment entered in favor of Washington Federal Savings and Loan Association (Association), appellee, against Marc D. and Sandra S. Stein, appellants, in a mortgage foreclosure action. The Steins argue that 1) there are disputed issues of material fact to be decided and therefore summary judgment should not have been granted, and 2) their counterclaim was appropriate in a mortgage foreclosure action and raises issues of fact that preclude the entry of summary judgment. Having reviewed the record and considered the arguments advanced on behalf of the parties, we affirm the summary judgment of mortgage foreclosure.

"A motion for summary judgment may properly be granted only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Pa.R.C.P. 1035(b). *See also Rybas v. Wapner*, 311 Pa.Super. 50, 52, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 82, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman*, 322 Pa.Super. 121, 123, 469 A.2d 212, 213 (1983); *Wilk v. Haus*, 313 Pa.Super. 479, 480–482, 460 A.2d 288, 289–290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus, supra*, 313 Pa.Superior Ct. at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 334, 421 A.2d 747, 750

(1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester,* 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1971)." *Thorsen v. Iron and Glass Bank,* 328 Pa.Super. 135, 140–141, 476 A.2d 928, 930–931 (1984). *Accord Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 203–204, 412 A.2d 466, 468–469 (1979); *Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa.Super. 225, 231, 464 A.2d 1313, 1316 (1983); *Rybas v. Wapner,* 311 Pa.Super. 50, 54, 457 A.2d 108, 109–110 (1983). However, parties seeking to avoid the entry of summary judgment against them may not rest upon the averments contained in their pleadings. On the contrary, they are required to show, by depositions, answers to interrogatories, admissions or affidavits, that there is a genuine issue for trial. Pa.R.C.P. 1035(d). The court, in ruling on a motion for summary judgment, must ignore controverted facts contained in the pleadings. *Pfaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973); *Younginger v. Heckler,* 269 Pa.Super. 445, 410 A.2d 340 (1979). The court must restrict its review to the material authorized by Rule 1035 to be filed in support of and in opposition to the motion for summary judgment and *only* those allegations in the pleadings that are uncontroverted. *Pfaff v. Gerner, supra.*

Considered in light of the foregoing principles, the record discloses the following facts. On May 29, 1980, the Steins executed and delivered to the Association a thirty-year mortgage in the amount of $55,000. The real estate covered by the mortgage was a tract of land situate in Nottingham Township, Washington County. The mortgage was payable in monthly installments and granted the Association the right to accelerate the entire balance due during any default by the Steins. The mortgage and its accompanying note also provided for the payment, in the event of an action to collect the balance due, of a "reasonable" attorney's fee. The Steins failed to make the payments required by the mortgage and note, however. On December 21, 1982, the principal balance due the Association was in

excess of $55,000. As a result, the Association filed its first mortgage foreclosure action against the Steins on December 27, 1982.

Apparently as a result of negotiations between the parties, the Association, on July 7, 1983, extended to the Steins a written "offer" to reinstate the mortgage. The offer contained provisions for the payment of all delinquent interest, then in excess of $12,000, the forgiveness of late charges, and the payment of attorney's fees and costs incurred by the Association in the foreclosure proceeding. The offer also contained a provision for the release from the lien of the mortgage of lots subsequently sold by the Steins. The offer provided that the Association should be paid "the greater of $5,000 or an amount sufficient to keep the loan balance at 80% of a new appraisal (to be done by the [Steins] at [their] cost)." Finally, the offer specifically provided that it would not extend beyond September 2, 1983, at which time a sheriff sale was scheduled.

The record then shows that from July 7, 1983 until May 29, 1984 a total of 14 "payment credits" were posted to the Stein's account. These payments include one for the delinquent interest referred to in the Association's "offer." However, the last payment on account of the mortgage was received by the Association on May 29, 1984. No payments were received after that date. On March 19, 1985, the Association instituted the instant action in mortgage foreclosure. All required notices of intent to foreclose were given by the Association in August of 1984.

In its complaint the Association averred that the amount due was in excess of $53,000 which included late charges, interest, and an attorney's commission of 5% in the amount of $2,558.42. The Association's demand was for the amount due plus interest and costs "and *foreclosure of the property.*" The Steins filed an answer containing new matter and a counterclaim. The Association filed a reply to the new matter and counterclaim. The Association filed a reply to the new matter and counterclaim. After the pleadings were closed the Association filed its motion for summary judg-

ment. Submitted with the motion was an affidavit of the Association's treasurer who stated that he was responsible for the Loan Servicing Department and was familiar with the matters set forth in his affidavit. Included in the affidavit were a loan payout statement as of June 4, 1985, a loan payment history of the Stein's mortgage account, and a copy of the July 7, 1983 "offer." The Steins filed no counter-affidavits, depositions, answers to interrogatories or admissions. The trial court on July 26, 1985, granted the Association's motion and directed that "summary judgment is entered in favor of Washington Federal Savings and Loan Association against the defendants, Marc D. Stein and Sandra S. Stein, his wife." The judgment as entered by the trial court did not determine the amount due.

The trial court in entering summary judgment for the Association found that the Steins were ten months in arrears at the time the action was instituted and concluded "that the [Steins] have asserted no cognizable defenses on their behalf which would excuse their obligation under the mortgage." On appeal the Steins argue that their answer to the Association's complaint, as well as the 31 additional paragraphs contained in their new matter and counterclaim, "are replete with disputed material facts" which prevent the entry of summary judgment.[1] However, the only "disputed fact" specifically addressed by the Steins in their argument is the amount claimed by the Association for attorney's fees. In their answer to the complaint, they allege that the Association's claim of 5% for attorney's fees in this proceeding is unreasonable. This averment, they argue, creates a genuine issue as to a material fact which bars the Association's right to summary judgment.

1. The Association argues that many of the arguments now advanced by the Steins are barred by the doctrine of *res judicata* as a result of a summary judgment of mortgage foreclosure entered in its favor in 1983 in the first mortgage foreclosure action. However, the record of that action is not included in the record certified to us in this appeal. The Association has attached to its brief an appendix that purports to be the record of the first foreclosure action, but since it is not properly before us we have not considered it in reaching our decision in this case.

 The Stein's reliance upon the pleadings is misplaced. Pa.R.C.P. 1035(d) specifically provides that they may not rest upon the averments contained in the pleadings. In order to properly raise a genuine issue of fact, the Steins had the burden to present "facts" by counter-affidavits, depositions, admissions, or answers to interrogatories. In *Pfaff v. Gerner, supra,* the Supreme Court considered a similar situation. In that case the buyer filed an action for specific performance of a contract to sell real estate. The pleadings raised genuine issues of fact. After the pleadings were closed, the sellers (defendant) moved for summary judgment and filed with their motion the affidavit of a title officer who was present at the time of settlement. The Court noted that the buyer did not present any affidavits or other evidence in response to the title officer's affidavit. The trial court, relying on the title officer's affidavit, entered summary judgment in favor of the sellers. On appeal, the Supreme Court held that the entry of summary judgment was proper. The Court pointed out that the buyer in that case was prohibited from relying on the allegations contained in his complaint. It noted that "[p]leadings are not" acceptable as proof of facts and the requirements of Rule 1035(d) are strict. In resolving the appeal, the Court "examined all *uncontroverted* facts contained in the pleadings and the title officer's affidavit." [Emphasis added.] Likewise, in *Younginger v. Heckler, supra,* this Court said "an adverse party may not rest on the mere allegations or denials of his pleadings, but must respond by evidence which sets forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if otherwise appropriate, may be entered against him." 269 Pa.Super. at 450–451, 410 A.2d at 342. Here, as in *Younginger,* the Steins did not offer any evidence to contradict the affidavit filed by the Association's treasurer. That uncontradicted evidence and the uncontradicted averments in the pleadings fully support the trial court's conclusion that the Steins are in default and that there are no genuine issues of material fact on the

question of the Association's right to a judgment of mortgage foreclosure.

The Steins also argue that their counterclaim creates genuine issues of fact for determination at trial. In their counterclaim they seek money damages on three grounds. First, they aver that while they were in default prior to the institution of the first mortgage foreclosure action the Association had agreed to refrain from instituting that action while a law suit filed by the Steins against the sellers of the property covered by the mortgage was pending. They allege that the institution of the first foreclosure action constituted a breach of that agreement and resulted in them incurring and paying unnecessary costs and fees to the Association. Secondly, the Steins claim that the Association had agreed by its offer of July 7, 1983, to release for a total payment of $5,000, the two lots subsequently sold by them; however, the Association required the payment of $5,000 for the release of each lot. This, they claim, constituted a breach of their reinstatement agreement with the Association and resulted in damage and injury to them. Finally, they allege that on two occasions subsequent to June 1984, they had offered to pay "substantially" the amount of the delinquent payments then due. They aver that the Association's refusal to accept those payments resulted in the institution of the present foreclosure action which again results in the unnecessary expense to them of fees and costs.

The trial court in discussing the Stein's counterclaim referred specifically only to the alleged breach of the reinstatement agreement. The court held that "this claim is not sufficiently connected to the mortgage note as to permit [the] Court to resolve this issue in the present proceedings...." On appeal, the Steins urge that the reinstatement agreement was part of or incident to a "recreation" of the mortgage in the summer of 1983. Again, however, the Stein's argument is based solely on disputed, factual averments contained in the pleadings. Their argument concerning their counterclaim has no more support in the Associa-

tions' affidavit and the *uncontroverted* facts contained in the pleadings than does their argument regarding attorney's fees.

In conclusion, considering the uncontested affidavit filed by the Association's treasurer and the uncontradicted averments contained in the pleadings, the Stein's default is clear and the Association is entitled as a matter of law to foreclose on the subject property. There are no genuine issues of material fact raised in the affidavit or the uncontroverted pleadings. Therefore, the summary judgment of mortgage foreclosure in favor of the Association and against the Steins is affirmed.