524 A.2d 522

**Alexander L. RICE, Appellant,**

**v.**

**BELL TELEPHONE COMPANY OF PENNSYLVANIA.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1986.

Filed April 14, 1987.

Daniel W. Ernsberger, Pittsburgh, for appellant.

Harriet F. Withstandley, Philadelphia, for appellee.

Before CIRILLO, President Judge, and ROWLEY and POPOVICH, JJ.

## OPINION OF THE COURT

ROWLEY Judge:

This is an appeal from the entry of a summary judgment in favor of Bell Telephone Company of Pennsylvania. Appellant presents two issues for review. We affirm.

Appellant is a former employee of ARCO, and he received numerous harassing phone calls. After consulting a local police chief and the current Beaver County telephone book which said that "unless that person has first obtained the consent of one or both of the parties" participating in the call, it is a crime for that person to tap the phone, appellant taped some phone calls. Thereafter appellant obtained the consent of his supervisor at ARCO, who himself had obtained the consent of ARCO's in-house counsel, to tape a phone conversation between appellant and a former ARCO employee whom appellant suspected of making the harassing calls. The call was made on ARCO's premises, and thereafter, appellant and his supervisor were fired for illegally taping the phone call with the former employee.

Appellant sued Bell by filing a five count complaint. The second count of the complaint is for negligent rendering of legal advice and counts three and four are for products liability under sections 402A and B of the Restatement (Second) of Torts. After the pleadings were closed, both parties [1] moved for summary judgment. Appellant's motion was denied, but Bell's motion was granted as to all counts of the complaint. In this appeal, appellant raises issues only as to counts two, three and four of his complaint.

Appellant first argues that sections 402A and B of the Restatement should be extended to include recovery for non-physical harm such as injury to reputation and wage loss caused by defective products because tort liability in the present case is consistent with the expressed public policy behind the Restatement sections. Bell argues, *inter alia*,[2] that products liability applies only where there is physical harm caused by exposure to a hazardous product and that appellant's economic loss is not property damage

---

1. Bell sought summary judgment in its favor on all counts of appellant's complaint; appellant's motion for summary judgment was limited to counts three and four of its complaint and certain defenses raised by Bell in its new matter.

2. Bell assails almost every element of appellant's products liability claim. Because of our disposition of appellant's first issue, we express no opinion as to the other elements of appellant's products liability claim.

and therefore not recoverable under a theory of products liability. In entering summary judgment in favor of Bell as to counts three and four of appellant's complaint, the trial court concluded that "the factual situation alleged by [appellant] does not come within the purview of said legal theory" and that appellant did "not allege the type of condition or harm contemplated" by the Restatement.

■ Appellant's complaint alleges that: 1) Bell is in the business of selling telephone books; 2) that the book reached appellant without a substantial change in its condition, and 3) that the phone book was defective and unreasonably dangerous in that it a) misstated the law on wire taps, b) misstated its authority to render legal advice, and c) was made without authority to render legal advice. The damages alleged are that appellant "suffered both financial and emotional harm relating to the benefits of employment and the stigma associated with such a discharge. [Appellant] has suffered and will continue to suffer harm to his reputation in the community." R.R. 159–160.

We have reviewed the record under the applicable standard of review, *Washington Federal Savings and Loan Assoc. v. Stein*, 357 Pa.Super. 286, 515 A.2d 980 (1986), and have accorded due consideration to appellant's argument and the authorities offered in support of it. Although the trial court found, *inter alia*, that the facts did not support appellant's claim, we affirm the entry of summary judgment on a narrower ground. *See Green v. Juneja*, 337 Pa.Super. 460, 487 A.2d 36 (1985) (reviewing court may affirm decision of trial court if the result is correct on any ground).

We conclude that appellant's damage allegations do not satisfy the requirement of 402A that liability be premised on "physical harm ... to the ultimate user ..., or to his property...." *See Johnson v. General Motors Corp.*, 349 Pa.Super. 147, 502 A.2d 1317 (1986) (appellant's complaint failed to assert that alleged defects in her automobile's transmission made it unreasonably dangerous to the detriment of persons or property); *Industrial Uniform Rental*

*Co., Inc. v. International Harvester Co.,* 317 Pa.Super. 65, 463 A.2d 1085 (1983) (record must indicate that defect is a condition potentially dangerous to persons or property). Accordingly, we find no merit to appellant's first issue.

■ Appellant next argues that Bell, in its corporate capacity or through its attorneys, had a duty to give non-negligent legal advice under the Restatement (Second) of Torts §§ 311 and 552. He also argues that the attorneys' duty to appellant was established because Bell's attorneys share Bell's public duty to inform the public under 52 Pa.Code § 63.21 and under third party beneficiary contract law.

Bell argues that appellant has raised the applicability of § 552 for the first time on appeal and therefore has waived the issue. Alternatively, Bell argues that cases under § 552 all involve substantial business transactions and the false information relied upon is information specifically requested or information which the government is obligated to provide. Bell argues that § 311 is not applicable because it applies only where there is physical harm. Bell submits that it cannot be liable for legal malpractice because it was not practicing law: Bell did not agree to perform any legal service for appellant and appellant never contacted a legal representative of Bell. Moreover, it is submitted that third party beneficiary contract law cannot apply because there was no contract and appellant was not a foreseeable, intended beneficiary of any relationship between Bell and its attorneys.

Our review of the record, as certified to us, reveals that appellant did not raise the applicability of § 552 in the trial court. In fact, appellant only opposed Bell's motion for summary judgment on counts three and four of his complaint. To uphold the entry of summary judgment, there must be not only an absence of genuine factual issues, but also an entitlement to judgment as a matter of law. *Rybas v. Wapner,* 311 Pa.Super. 50, 457 A.2d 108 (1983). It should be noted that appellant does not argue that there are any disputed material issues of fact. Thus, the trial court

was required to determine whether Bell was entitled to judgment as a matter of law. Our review of the trial court's opinion satisfies us that the trial court, based on the record before it, properly concluded that Bell was entitled to summary judgment.

Judgment affirmed.