563 A.2d 963

**Russell SHOATS, Petitioner,**

v.

**David OWEN, Joseph Ryan, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 21, 1989.

Decided Sept. 5, 1989.

Michael L. Harvey, Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Chief, Litigation Section, Ernest D. Preate, Jr., Atty. Gen., Office of Atty. Gen., Harrisburg, for respondents.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

This matter is before us by petition for review addressed to this Court's original jurisdiction by Russell Shoats (petitioner) seeking relief in mandamus.[1]  Before us now is a motion for summary judgment filed by David Owens and Joseph Ryan (respondents), which we will treat as a motion for summary relief pursuant to Pa.R.A.P. 1532(b).  We will grant the motion.

The petitioner is an inmate incarcerated at the State Correctional Institution at Dallas (SCI–Dallas), who is assigned to the restricted housing unit (RHU).[2]  He seeks an order directing the respondents to provide two hours of out-of-cell exercise indoors on inclement days.  He also

---

1. The petitioner filed a petition for writ of mandamus which is being treated as a petition for review addressed to this Court's original jurisdiction in accordance with Pa.R.A.P. 1502.

2. The RHU is mainly used to house prisoners who are assaultive or otherwise dangerous, or who would be in danger themselves if mixed with the general prison population.

alleges that he is forced daily to take a ten minute shower ten to thirty minutes before exercising outdoors, and seeks to enjoin this practice. He alleges that, as a result of this showering schedule, he is constantly plagued with colds and flu. The respondents have filed the affidavit of Joseph Ryan in opposition to the petitioner's allegations and in support of their motion for summary relief. We will address each of the petitioner's requests separately, in conjunction with the respondents' motion for summary relief.

Summary relief under Pa.R.A.P. 1532(b) should be granted only if there exists no factual dispute and the right of the applicant thereto is clear. *Cloonan v. Thornburgh*, 103 Pa.Commonwealth Ct. 1, 519 A.2d 1040 (1986). In the instant case, the respondents have filed a proper affidavit which refutes the facts as set forth by the petitioner. When the moving party has filed an affidavit in support of his motion, the non-moving party may not rest on assertions of fact in the pleadings but must either file counter-affidavits or direct the court's attention to depositions, interrogatories, or admissions that demonstrate that a material fact dispute exists. No interrogatories, depositions or admissions have been filed in this case. The petitioner has not filed any counter-affidavits in opposition to the motion for summary relief. The petitioner, therefore, has failed to carry his burden of demonstrating that a genuine fact dispute exists. Accordingly, we will rule on the questions of law presented. *Washington Federal Savings and Loan Association v. Stein*, 357 Pa.Superior Ct. 286, 515 A.2d 980 (1986).

As we analyze the merits of the petition before us, we keep in mind that mandamus is an extraordinary remedy which is available only after a showing of a clear legal right thereto, along with a corresponding duty on the part of the respondents, and that there is no other adequate remedy. *Equitable Gas Company v. City of Pittsburgh*, 507 Pa. 53, 488 A.2d 270 (1985).

■ We will first address the indoor exercise issue. Section 1 of the Act of June 14, 1923, P.L. 775, 61 P.S. § 101, provides as follows:

Every warden, board of prison managers, prison inspectors, or any other person in authority, in charge of any prison or penitentiary, who may or shall have in charge any person confined therein whether such person be a tried or untried prisoner, shall provide that such person shall have at least two hours daily, physical exercise in the open, weather permitting, and upon such days on which the weather is inclement, such person shall have two hours, daily, of physical exercise indoors of such prison or penitentiary: *Provided, however, The same is safe and practical, and the judges of the several courts are to be the judges thereof.*

(Emphasis added.) Therefore, it is for this Court to decide, as a matter of law, whether it is safe and practical for the petitioner to be afforded two hours of indoor exercise on days when outdoor exercise is not possible.

Because the petitioner is assigned to the RHU, he cannot come into contact with the general prison population. Therefore, it is not possible for him, or for the other RHU inmates, to exercise in the gymnasium, which is used by the general population throughout the day. There are no facilities available to allow the RHU inmates to exercise indoors. Currently, their exercise period is always taken outdoors. On cold or rainy days, they are given protective clothing. This appears to be the best that the SCI–Dallas can do for these inmates. Based on the facts as presented in the affidavit of Joseph Ryan,[3] we agree that it is not safe and practical to provide the petitioner and the other RHU inmates with indoor out-of-cell exercise.

■ In reference to showering, Mr. Ryan stated that: Inmates in restricted housing are not required to shower immediately before exercise. They may elect not to

---

**3.** Mr. Ryan is the Superintendent of SCI–Dallas. He is responsible for the overall management of the institution, which includes security and the care and treatment of prisoners.

shower at all on a particular day or they may elect to take a shower after exercise.

Affidavit at 4. Based on this statement, we find no merit to the petitioner's second issue.

Accordingly, we hold that the respondents are entitled to summary relief in this matter.

## ORDER

AND NOW, this 5th day of September, 1989, the respondents' motion for summary relief in the above-captioned matter is hereby granted.