## Gilbert v. Liberty Mutual Insurance Company

*Samuel Murray,* for plaintiffs.
*Lawrence Robinson,* for defendant.

MORAN, *J.,* July 13, 1993—This declaratory judgment action emanates from a motor vehicle accident on or about November 30, 1990, in which plaintiff Majuda Albert allegedly suffered personal injuries. Subsequent to the accident, Mr. Albert filed an underinsured motorist claim under an insurance policy issued by defendant Liberty Mutual Insurance Company and held by his mother, plaintiff Irene Gilbert.

Pennsylvania statutory law requires that insurers provide certain minimum coverage for each category of motor vehicle coverage. However, insureds may waive this minimum coverage if they sign a waiver in the form prescribed by 75 Pa.C.S. §1791. At the time she obtained this insurance, Ms. Gilbert signed a waiver form in which she appeared to waive, inter alia, her statutory minimum underinsured motorist coverage and to select coverage of $15,000. Although defendant offered to settle Ms. Gilbert's claim for $15,000, Ms. Gilbert contends that the waiver form does not meet

the requirements of section 1791 in that the notice is not set forth in 10-point type. Plaintiff argues that she is therefore entitled to the statutory limit of coverage under the policy.

Both parties now move for summary judgment on the issue of whether the waiver signed by Ms. Gilbert contained the proper statutory notice. In addition, plaintiffs ask this court to rule that they are entitled to the statutory limit of coverage in the amount of $300,000.

The Pennsylvania Rules of Civil Procedure provide that a motion for summary judgment shall be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). In considering a summary judgment motion, the court must view the record in the light most favorable to the non-moving party. *Washington Federal Savings & Loan v. Stein,* 357 Pa. Super. 286, 288, 515 A.2d 980, 981 (1986). Further, the court must ignore controverted facts in the pleadings. *Id.* at 289, 515 A.2d at 981. With regard to the waiver notice requirement, section 1791 reads, in pertinent part, as follows:

"It shall be presumed that the insured has been advised of the benefits and limits available under this chapter *provided the following notice in bold print of at least 10-point type is given to the applicant at the time of application for original coverage,* and no other notice of rejection shall be required:

IMPORTANT NOTICE

"Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for purchase the following benefits for you,

your spouse or other relatives or minors in your custody or in the custody of your relatives, residing in your household, occupants of your motor vehicle or persons struck by your motor vehicle:....

"(6) Uninsured, underinsured and bodily injury liability coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages except for policies issued under the assigned risk plan. Also, at least $5,000 for damage to property of others in any one accident." 75 Pa.C.S. §1791. (emphasis added)

The essential facts concerning the waiver form are not in dispute. There is no question that the wording of the waiver signed by Ms. Gilbert is in conformity with section 1791. However, while the words "IMPORTANT NOTICE" appear in 10-point type, the text of the notice does not. Plaintiff contends that section 1791 mandates that the entire notice appear in 10-point type, while defendant argues that only the words "IMPORTANT NOTICE" are required to be in 10-point type.

Pennsylvania law regarding statutory construction requires that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. §1903 (Supp. 1993), and, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. §1921(b). Statutes are to be "liberally construed to effect their objects and to promote justice." 1 Pa.C.S. §1928. We need look no further than the express wording of the statute in determining that the *entire* notice must be in 10-point type. Section 1791

refers to "the following notice in bold print of at least 10-point type," then sets forth, verbatim, the notice which is to be given. The logical conclusion to be drawn from this—and the one that this court draws—is that the notice, as set forth in its entirety must be in bold print of 10-point type. If the legislature had intended otherwise, it surely would have stated merely that the words "IMPORTANT NOTICE" must be in 10-point type. That the transcription of the required notice in Purdon's Consolidated Statutes does not appear in 10-point type is of no avail given the express wording of section 1791 and the fact that the words "IMPORTANT NOTICE" do not there appear in 10-point type either.

With regard to this issue we find, and the parties agree, that there are no genuine issues of material fact. We therefore grant summary judgment for plaintiffs on this point.

Finally, we find that, given the record before us, we cannot rule as a matter of law that plaintiffs are entitled to the statutory limit of coverage in the amount of $300,000. We therefore deny plaintiffs' motion for summary judgment on this issue.

## ORDER

And now, July 13, 1993, upon consideration of the parties' motions for summary judgment, it is hereby ordered and directed as follows:

(1) The motion for summary judgment of plaintiffs Irene Gilbert and Majuda Albert is granted insofar as it requests this court to declare that plaintiff Gilbert's election of underinsurance coverage was invalid; this motion is otherwise denied.

(2) The motion for summary judgment of defendant Liberty Mutual Insurance Company is denied.