**Calderon v. Kauffman**

*Brandon Swartz,* for plaintiffs.

*Brigid Q. Alford,* for defendant.

FARINA, *P.J.,* August 7, 2007—The matter presently before this court is defendant Joann Kauffman's motion for summary judgment. On February 1, 2005, plaintiff, Emilly Hernandez, suffered a neck injury when the vehicle she was driving was struck from the rear by a vehicle driven by defendant Joann Kauffman. Plaintiffs filed their complaint on October 31, 2005. Defendant filed her answer to complaint with new matter on December 21, 2005. Plaintiffs filed their reply to new matter December 27, 2005. In the motion for summary judgment, defendant contends that Ms. Hernandez did not sustain injuries resulting in serious impairment of a body function. Accordingly, defendant argues that the election of limited-tort coverage in the automobile insurance policy precludes the recovery of non-economic losses on the basis of Ms. Hernandez's injuries pursuant to section 1705(a)(1)(A) of the Motor Vehicle Financial Responsibility Law (MVFRL).

Summary judgment is proper when there is no genuine issue of material fact which could be established by additional discovery and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1); *Donegal Mutual Insurance Co. v. Fackler,* 835 A.2d 712, 715 (Pa. Super. 2003). Summary judgment is also proper where, after the completion of discovery, the "party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense in which in a jury trial would require the issue to be submitted to a jury." Pa.R.C.P. 1035.2(2). Parties seeking to avoid summary judgment are required to show, by depositions, answers to inter-

rogatories, admissions or affidavits, that there is a genuine issue for trial and may not rely upon the averments contained in the pleadings. *Washington Federal Savings & Loan Association v. Stein,* 357 Pa. Super. 286, 289, 515 A.2d 980, 981 (1986). The court must examine the record in the light most favorable to the non-moving party and any doubt must be resolved against the moving party. *Id.*

Pursuant to the MVFRL, an individual who elects the limited-tort option is precluded from pursuing an action for any non-economic loss except where serious injury occurred. 75 Pa.C.S. §1705(d). "Non-economic loss" is defined as "pain and suffering and other nonmonetary detriment." Section 1702. "Serious injury" is defined as a "personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." *Id.*

In discussing the limited-tort option, the Pennsylvania Supreme Court in *Washington v. Baxter,* stated:

"Thus, while an insured who has elected the limited-tort option remains eligible to seek compensation for economic loss sustained in a motor vehicle accident caused by the negligence of another, the insured will be precluded from maintaining an action for any non-economic losses unless the insured can show that his injuries cross the 'serious injury' threshold." 553 Pa. 434, 440, 719 A.2d 733, 736 (1998).

"The 'serious impairment of body function' threshold contains two inquiries: (a) What body function, if any, was impaired because of injuries sustained in a motor vehicle accident? (b) Was the impairment of the body function serious?" *Id.* at 448, 719 A.2d at 740. In evalu-

ating whether a serious impairment has been established, the focus is not on the injuries but rather on the effect of the injury on a body function. *Robinson v. Upole,* 750 A.2d 339, 343 (Pa. Super. 2000). The question of whether a plaintiff has suffered a "serious injury" is a matter for the jury to determine unless reasonable minds could not differ on the issue. *Kelly v. Ziolko,* 734 A.2d 893, 898 (Pa. Super. 1999). Summary judgment on the basis that a serious injury did not occur should be granted only in the clearest cases. *Washington,* 553 Pa. at 447, 719 A.2d at 740.

Defendant contends that Ms. Hernandez is precluded from recovering in her claim for non-economic losses as the applicable automobile insurance policy is for limited-tort coverage and Ms. Hernandez did not sustain serious injuries such that a body function was seriously impaired. Plaintiff was treated in the emergency room at Lancaster Regional Medical Center on the day of the accident. She was diagnosed with sustaining cervical and thoracic sprain and strain. The plaintiff was then treated by her family physicians at Lancaster Regional Medical Center. At Lancaster Regional her physicians diagnosed her with exacerbating her pre-existing cervical degenerative disc disease. The plaintiff has been diagnosed as having persistent accident-related pain and felt the plaintiff "was not getting any better." Plaintiff has also complained that because of the accident she: (1) was unable to drive for two months because of wearing a neck brace; (2) has difficulty breast-feeding because she cannot bend her neck downward; (3) cannot perform any activity that requires her head to be bent downward for a long period of time; and (4) cannot walk for long periods of time

without pain. Additionally, plaintiff's subsequent medical treatment consisted only of a few office visits to Cornerstone Family Health Associates and limited physical therapy at the Rehab Center, which lasted for two months. (Pl. Hernandez dep. at 40:11-23.) The plaintiff has not produced any documents which establish that these injuries she sustained from the accident interfered substantially with her normal activities for any extended period of time. Plaintiff argues, as a young mother she has difficulty breast-feeding her child because of the injury. Further, plaintiff claims pain on virtually all aspects of her daily life. As such plaintiff feels that the injuries sustained in the accident rise to the level of serious body injury.

Defendant acknowledges that Ms. Hernandez may have experienced some level of pain, but there is no causal connection between her complaints and the accident. Defendant notes that Ms. Hernandez has a history of neck, back and ankle pain caused by a fall down a set of stairs that occurred nearly two years prior to the vehicle accident in question. (Pl. Hernandez dep. at 15:23-16:1.) As of July 7, 2005, plaintiff's next-to-last physical therapy visit, she was assessed as to having a "good tolerance to exercise. No increased pain. Still has difficulty with stabilizing spine during stabilization exercise" and that her progress was per the treatment plan. Additionally, defendant contends that any potential injuries that plaintiff may have suffered did not affect her ability to carry a child to term without complication which is evidence that she did not suffer a serious impairment of a body function. (Pl. Hernandez dep. at 44:4-45:4.) Defendant argues that there is also no objec-

tive medical evidence to suggest that the plaintiff suffered a serious injury or serious impairment of a body function. The *Washington* court stated that "[g]enerally, medical testimony will be needed to establish the existence, extent and permanency of impairment." *Washington,* 553 Pa. at 447, 719 A.2d at 740. Here, defendant argues that plaintiff's medical documents fail to substantiate her claim, she has not produced an expert medical report and her treating physician opined that her injuries are "probably psychosomatic" in nature. (Def. br. supp. summ. j. at 21.) The evidence in the *Washington* case was described as follows:

"The evidence, when viewed in the light most favorable to appellant, shows that appellant was immediately treated in a hospital emergency room, where his injuries were diagnosed as consisting of contusions, sprains, and strains; he was discharged from the emergency room within a few hours. He missed four or five days of work at his full-time job, and missed approximately four of his weekly shifts at his part-time job. Approximately six months after the accident, one of appellant's physicians stated that there appeared to be some type of joint arthritis or coalition in the right foot, and the appellant might need to utilize orthotic heel lifts; his physician also injected one shot of cortisone. Finally, at his deposition approximately one year after the accident, appellant indicated that although his foot caused him pain approximately every other week, he was still able to perform his work duties and, aside from having to utilize a riding mower, he was able to engage in his normal daily activities." 553 Pa. 434, 448, 719 A.2d 733, 740-41 (1998).

In describing what is required to survive a summary judgment motion, the *Washington* court stated:

"The question to be answered is not whether appellant has adduced sufficient evidence to show that appellant suffered *any* injury; rather, the question is whether appellant has shown that he has suffered a *serious* injury such that a body function has been seriously impaired. Clearly, it is insufficient for appellant to show that there has been some injury—no matter how minor—in order to avoid the entry of summary judgment against him. Were we to fail to require appellant to adduce evidence that not only was there an injury, but that it was also serious, before allowing him to present his case to the jury, we would make a mockery out of the summary judgment standard." *Id.* at 449, 719 A.2d at 741. (emphasis in original)

The *Washington* court then went on to determine that reasonable minds could not differ on whether the injury was serious and to find that the trial court properly granted partial summary judgment.

Plaintiff argues the case at bar is similar to *Long v. Mejia,* 896 A.2d 596 (Pa. Super. 2006). In *Long,* the plaintiff was injured when he was rear-ended by the defendant. Plaintiff injured his neck, back, left shoulder and wrist in the accident. Plaintiff also elected the limited-tort option and the trial judge determined that the plaintiff's injuries did rise to the level of a serious impairment of body function. Defendant argues that the *Long* decision turned primarily on economic considerations not at all present in the instant case. In *Long* a construction worker sustained, among other minor injuries, a left wrist injury in a motor vehicle accident. The Superior

Court noted that as a result of the wrist injury, the claimant could no longer control the tools he used in performance of his job, and that he had no other training to do any other work besides that of a laborer or construction worker. *Id.* In the instant case there is no evidence in the record at all that would permit a reasonable fact-finder to conclude that the pain reported by plaintiff has adversely affected her economically. There is no medical expert or exhibit that establishes any link between plaintiff's unemployed status and her pain or discomfort. In fact, plaintiff, acknowledged at her deposition that there was nothing that she could do prior to the accident that she can no longer do. (Pl. Hernandez dep. at 45.)

Considering the evidence in the light most favorable to the plaintiff, reasonable minds could not differ on whether Ms. Hernandez sustained a serious impairment of a body function. As such, summary judgment on Ms. Hernandez's non-economic claim is appropriate in this matter. Summary judgment on the basis that the injured party did not sustain a serious injury should only be granted in the clearest of cases, this case falls into that category.

Accordingly, I enter the following:

### ORDER

And now, August 7, 2007, upon consideration of defendant Joann Kauffman's motion for summary judgment and the briefs of the parties, it is hereby ordered and decreed that defendant's motion for summary judgment is granted and plaintiff Emilly Hernandez's claim for non-economic loss is dismissed with prejudice.