J-A26038-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JAMES B. NUTTER & COMPANY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ETHAN B. COWLES | : | |
| | : | |
| Appellant | : | No. 716 WDA 2018 |

Appeal from the Order Entered April 20, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  MG-17-000914

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                FILED NOVEMBER 19, 2018

Ethan B. Cowles (Appellant) appeals pro se from the order granting summary judgment in favor of Appellee, James B. Nutter & Company (Nutter), and entering judgment in favor of Nutter in the amount of $204,689.07 plus interests and costs in the underlying mortgage foreclosure action.  We affirm.

The trial court summarized:

> On April 23, 2007, Appellant borrowed $360,000.00 from All-Pennsylvania Reverse Mortgage Inc.  To secure that debt, [Appellant] executed a Mortgage to All-Pennsylvania Reverse Mortgage, Inc. which was recorded on June 8, 2007.  [Appellant's] Mortgage is in default for failure to pay taxes and provide [Nutter] with evidence of payment.  On July 7, 2017, Nutter filed its Complaint in Mortgage Foreclosure.  [Appellant] filed an Answer on August 16, 2017.  On February 8, 2018, Nutter filed a Motion for Summary Judgment.  On April 20, 2018, th[e trial c]ourt granted Nutter's Motion for Summary Judgment entering judgment in favor of Nutter and against [Appellant] in the amount of $204,689.07.  It is from that decision that [Appellant] appeals.

Trial Court Opinion, 7/10/18, at 1.

Preliminarily, when reviewing the trial court's grant of summary judgment:

> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

Michael v. Stock, 162 A.3d 465, 472–73 (Pa. Super. 2017) (citation omitted). "[P]arties seeking to avoid the entry of summary judgment against them may not rest upon the averments contained in their pleadings. On the contrary, they are required to show, by depositions, answers to interrogatories, admissions or affidavits, that there is a genuine issue for trial." Washington Fed. Sav. & Loan Ass'n v. Stein, 515 A.2d 980, 981 (Pa. Super. 1986) (citing Pa.R.Civ.P. 1035(d)).

Further, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." Bank of Am., N.A. v. Gibson, 102 A.3d 462, 465 (Pa. Super. 2014), appeal denied, 112 A.3d 648 (Pa. 2015).

In his appellate brief, Appellant fails to present a cogent legal argument. Appellant has not designated a statement of questions for this Court's review, and his entire brief consists of a four-page narrative in which he claims to dispute "illegal charges" and "fraudulent charges" and makes the conclusory statement that "[t]he [a]mount of [m]ortgage is fraudulent and hereby disputed." See Pa.R.A.P. 2111(a)(4) ("The brief of the appellant . . . shall consist of . . . [a] Statement of the questions involved"), 2116(a); Appellant's Brief at 4-5. Appellant does not cite any legal authority or provide any legal analysis. See 2119(b). In sum, Appellant's brief is simply a personal and largely nonsensical account of the case which fails to conform to the requirements of the Pennsylvania Rules of Appellate Procedure. See Pa.R.A.P. 2101-2119.

Conversely, Nutter argues that the trial court did not abuse its discretion in granting summary judgment in this foreclosure action on Appellant's residential property "because there existed no genuine issue as to any material fact that the Appellant had defaulted on the terms of his Mortgage, that the Appellant failed to cure the default, and that [Nutter] was the mortgagee of record, in possession of the Note, and Appellant was sent the pre-foreclosure notice." Nutter's Brief at 7. Nutter states that it was assigned the mortgage that was recorded on June 8, 2007, and that Appellant's indebtedness was secured by a promissory note and properly recorded. Id. at 4-5. The complaint in mortgage foreclosure was initiated after Appellant

failed to pay property taxes and provide evidence of payment to Nutter. Id. at 5.

Likewise, the trial court reasoned:

[Appellant] filed various pleadings but failed to provide a defense to the foreclosure action. In his Answer to the Complaint, he stated that he is aware of the amount he incurred initially, but disputes any amount above $100,000 that has occurred since April of 2007.

Nutter alleges that it is entitled to Summary Judgment because there is no genuine issue as to material fact in this case. Nutter claims that [Appellant] defaulted on the mortgage. [Appellant] admitted the existence of the mortgage and executed the Mortgage knowing that he would be responsible for the payments. . . .

[Appellant] did not plead specific facts in response to the allegations in the Complaint regarding the mortgage account, the fact of the default and the amount due, and is therefore deemed to have admitted the allegations. . . .

[T trial c]ourt has determined that no genuine issues of material fact exist between the parties. Nutter has produced evidence that it is the mortgagee of record by virtue of a recorded Assignment of Mortgage recorded on June 8, 2007. Summary judgment is appropriate.

Trial Court Opinion, 7/10/18, at 1-3.

Upon review, we find no abuse of discretion by the trial court. Although Appellant is pro se, this status does not relieve him of his duty to properly raise and develop an appealable claim. Smathers v. Smathers, 670 A.2d 1159, 1160 (Pa. Super. 1996). This Court has stated:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in

the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

In re Ullman, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010) (citations omitted), appeal denied, 20 A.3d 489 (Pa. 2011).

For the above reasons, we affirm the trial court's order entering summary judgment in favor of Nutter in this mortgage foreclosure action.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2018