J-S14002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RESIDENTIAL MORTGAGE LOAN TRUST 2013-TT2 | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COLLEEN K. KAMENIK AND MIRO KAMENIK | : | No. 1747 EDA 2019 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered May 14, 2019
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2010-12692

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                              Filed: July 9, 2020

Colleen and Miro Kamenik (collectively "the Kameniks") appeal from the

May 14, 2019 *in rem* judgment entered in this mortgage foreclosure action.

Specifically, the Kameniks challenge the order entered on January 11, 2018,

which granted the motion for summary judgment[1] filed by U.S. Bank as the

legal trustee of Residential Mortgage Loan Trust.[2]  We affirm.

_____

[1] The trial court advocates for quashing this appeal as untimely, contending
that the Kameniks were obligated to appeal within thirty days of the order
granting summary judgment.  **See** Trial Court Opinion, 10/11/19, at 4-5.  We
agree with the Kameniks that the summary judgment order, which did not
establish the amount of the judgment, remained interlocutory until a
judgment was entered resolving the outstanding issues.  **See** Kameniks' brief
at 38.

[2] For ease of discussion, we refer to the plaintiff as "U.S. Bank" throughout,
rather than distinguish among the various entities in the chain of assignments.

In January 2006, the Kameniks executed a mortgage on real property in Doylestown, Bucks County, Pennsylvania, and a promissory note evidencing the debt of $428,300 plus interest. After they stopped making payments, U.S. Bank filed a complaint in mortgage foreclosure in December 2010. When the Kameniks failed to file an answer, default judgment was entered. A sheriff's sale was scheduled, but was cancelled when the Kameniks successfully petitioned to open the default judgment.

Upon agreement, U.S. Bank filed an amended complaint alleging, *inter alia*, that (1) it is the current owner of the mortgage and holder of the note; (2) the mortgage was in default because no monthly installment payments of principal and interest due May 1, 2010 or thereafter had been made; and (3) the proper statutory notices had been sent to the Kameniks. **See** Amended Complaint, 7/21/14, at ¶¶ 2, 4, 8, 12-13. The Kameniks filed an answer in which they disputed the assignment history of the mortgage, but merely made general denials to as to the facts constituting their payment default. **See** Answer with New Matter, 8/12/14, at ¶¶ 1(d), 8.

After U.S. Bank replied to the Kameniks' new matter, there was no docket activity in the action until November 2015, when notice was docketed reflecting Mr. Kamenik's filing of bankruptcy. That bankruptcy case was dismissed for failure to timely pay the filing fee, and Mr. Kamenik filed another bankruptcy action, which was dismissed in March 2017 with indication that he

was not permitted to file a subsequent bankruptcy action without leave of court.

U.S. Bank moved for summary judgment in the mortgage foreclosure action, producing, *inter alia*, a copy of the note signed by the Kameniks in 2006 along with an allonge[3] indorsed in blank by Joseph Caiazzo on behalf of the original lender/mortgagee. **See** Motion for Summary Judgment, 8/10/17, at Exhibit A. U.S. Bank also attached an affidavit indicating that it is in possession of the original note. **Id**. at Exhibit Z, ¶ 9.

In opposing U.S. Bank's motion, the Kameniks did not produce any evidence[4] or dispute that the mortgage was in default and that they had failed to fulfill their obligations. Rather, they claimed that there were issues of fact as to U.S. Bank's standing to maintain the action. Specifically, while the Kameniks acknowledged that U.S. Bank produced evidence indicating that it possessed the original note, they argued that the record was not clear as to

---

[3] "An allonge is 'a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.'" **JP Morgan Chase Bank, N.A. v. Murray**, 63 A.3d 1258, 1259 n.2 (Pa.Super. 2013) (quoting Black's Law Dictionary 76 (Deluxe 7th ed.)).

[4] The Kameniks did reference and quote the deposition testimony of Karam Bradfield, described as a mortgage foreclosure specialist with the successor to the original assignee of the mortgage. **See** Memorandum in Opposition to Motion for Summary Judgment, 8/29/17, at 4-6. As we discuss more fully *infra*, although their filing indicates that the transcript was attached as Exhibit A, no exhibits to the memorandum are included in the certified record.

whether the allonge was affixed to the note, or that Mr. Caiazzo was authorized to indorse it. *See* Memorandum in Opposition to Motion for Summary Judgment, 8/29/17, at 12. Further, the Kameniks contended that U.S. Bank failed to establish that it had standing as the legal owner of the mortgage. *Id*. at 13-15.

The trial court granted U.S. Bank's summary judgment motion by order of January 11, 2018.[5] U.S. Bank moved for a damages hearing, at which the parties reached an agreement that was entered as an order of court on February 13, 2019. That order assessed *in rem* damages at $569,347.32, but provided that U.S. Bank would not file or execute upon the judgment for sixty days. Order, 2/13/19. After sixty days, U.S. Bank was free to execute the judgment, including listing the property for sheriff's sale, for which the parties would equally share costs. *Id*. On May 14, 2019, U.S. Bank filed a praecipe for entry of judgment upon the February 13, 2019 order.[6]

_____

[5] The trial court issued its own order merely providing that U.S. Bank's motion was granted. It did not execute the proposed order submitted by U.S. Bank, which included language entering judgment for a specific amount.

[6] Also on May 14, 2019, U.S. Bank filed for a writ of execution, and a sheriff's sale was scheduled. In its brief, U.S. Bank contends that the property was sold to U.S. Bank on November 8, 2019, and the deed recorded on December 4, 2019, rendering the instant appeal moot. *See* U.S. Bank's brief at 16-17 (citing *Deutsche Bank Nat'l Co. v. Butler*, 868 A.2d 574, 577 (Pa.Super. 2005)). Our review of the trial court's docket confirms that the property was sold and the deed was recorded; however, it also reveals an unresolved motion to set aside the sheriff's sale. Accordingly, we decline to dismiss the appeal as moot.

The Kameniks filed a timely appeal from the entry of judgment, and both they and the trial court complied with Pa.R.A.P. 1925. The Kameniks present the following questions for this Court's consideration:

> 1. Did the trial court err when it held that there are no disputed facts as to whether the Note . . . is indorsed in blank?
>
> 2. Did the trial court err when it held that there are no disputed facts as to whether U.S. Bank is the owner of the Kamenik[s'] mortgage?

Kameniks' brief at 4.[7]

We begin with a review of the applicable legal principles. Summary judgment in mortgage foreclosure actions is subject to the same rules as other civil actions. *See* Pa.R.C.P. 1141(b) ("Except as otherwise provided in this chapter, the procedure in the action shall be in accordance with the rules relating to a civil action."). Summary judgment in a civil action is governed by Pa.R.C.P. 1035.2.

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving

_____

[7] The Kameniks include a third question concerning the trial court's determination that the appeal is untimely. However, as we resolved that issue *supra*, and need not address it further.

party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa.Super. 2013) (cleaned up).

Confronted with a motion for summary judgment setting forth evidence establishing the moving party's right to relief, "the adverse party may not rest upon the mere allegations or denials of the pleadings," Pa.R.C.P. 1035.3(a), but must identify evidence controverting the evidence cited in support of the motion or establishing the facts essential to the defense that the motion cites as not having been produced. Pa.R.C.P. 1035.3(a)(1)-(2). "[P]arties seeking to avoid the entry of summary judgment against them . . . are required to show, by depositions, answers to interrogatories, admissions[,] or affidavits, that there is a genuine issue for trial." *Wash. Fed. Sav. & Loan Assn. v. Stein*, 515 A.2d 980, 981 (Pa.Super. 1986).

"In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa.Super. 1998). In this case, the Kameniks do not dispute that the mortgage was in default, that they failed to pay interest on the obligation, and that the recorded mortgage was in the specified amount. Instead, they question whether U.S. Bank is the proper party to bring this action.

Subject to exceptions not relevant in the instant case, "all actions shall be prosecuted by and in the name of the real party in interest." Pa.R.C.P. 2002(a). "The foreclosing party can prove standing either by showing that it (1) originated or was assigned the mortgage, **or** (2) is the holder of the note specially indorsed to it or indorsed in blank." **Gerber v. Piergrossi**, 142 A.3d 854, 859-60 (Pa.Super. 2016) (emphasis in original, internal quotation marks omitted). Hence, if the Kameniks' challenge to U.S. Bank's status as the holder of the note fails, U.S. Bank had standing to pursue the action and obtain its judgment regardless of whether the mortgage was assigned to it.

We therefore begin by considering the law applicable to the note. "[A] note secured by a mortgage fits the plain language of the UCC's definition of a negotiable instrument." **Murray**, **supra** at 1265. Under Pennsylvania's UCC, an instrument that is indorsed in blank[8] is payable to its bearer. 13 Pa.C.S. § 3205(b). Notably, one who satisfies his or her "obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question." **Murray**, **supra** at 1263 (citing 13 Pa.C.S. § 3602(a)).

_____

[8] A blank indorsement is one made by the holder of an instrument that does not identify a particular person to whom it makes the instrument payable. **See** 13 Pa.C.S. § 3205(a), (b). "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." **Id**. at (b).

In an action on a negotiable instrument, "the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." 13 Pa.C.S. § 3308(a). When the validity of any signature is properly denied, the signature nonetheless "is presumed to be authentic and authorized" subject to exceptions not applicable in the instant case. *Id*. The result of this presumption is that "'the trier of fact must find the existence of the fact [that the signature is authentic and authorized] unless and until evidence is introduced that supports a finding of its nonexistence.'" *PHH Mortgage Corp. v. Powell*, 100 A.3d 611, 618 (Pa.Super. 2014) (quoting 13 Pa.C.S. § 1206).

Turning to the case *sub judice*, as noted above, U.S. Bank's motion for summary judgment included a copy of the note signed by the Kameniks in 2006 along with an allonge indorsed in blank by Joseph Caiazzo on behalf of Tribeca, the original assignee. *See* Motion for Summary Judgment, 8/10/17, at Exhibit A. U.S. Bank also produced evidence that it is in possession of the original note. *Id*. at Exhibit Z, ¶ 9. The Kameniks argue that the trial court erred in granting U.S. Bank's motion for summary judgment on this record because there were genuine factual disputes as to whether Mr. Caiazzo was authorized to sign the allonge on behalf of Tribeca, and whether the allonge is affixed to the note. *See* Kameniks' brief at 19-28.

The trial court determined that summary judgment was appropriate because U.S. Bank established that it was the bearer of the note indorsed in

blank by Mr. Caiazzo's signature on the allonge, and the Kameniks produced no evidence to rebut the presumption that Mr. Caiazzo was authorized to indorse the note. **See** Trial Court Opinion, 10/11/19, at 6-9. We agree.

The Kameniks' purported evidence to rebut Mr. Caiazzo's authorization to indorse the note was the aforementioned deposition testimony of Karam Bradfield, described as a mortgage foreclosure specialist with Franklin, the successor to Tribeca. **See** Memorandum in Opposition to Motion for Summary Judgment, 8/29/17, at 4-6. However, this evidence is not in the certified record, and is therefore not properly before us. **See**, **e.g.**, **Ruspi v. Glatz**, 69 A.3d 680, 691 (Pa.Super. 2013) ("[A]n appellate court is limited to considering only the materials in the certified record when resolving an issue. . . . [A]ny document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record." (internal quotation marks omitted)).

Moreover, not only do the Kameniks fail to explain the context of Mr. Bradfield's testimony,[9] but we fail to see how Mr. Caiazzo's authorization to indorse the note on behalf of Tribeca is called into question by the testimony of a mortgage specialist with Franklin to the effect that he personally did not

_____

[9] For example, it is not discernable from the certified record in what capacity and on whose behalf Mr. Bradfield was offered as a witness, or even whether the deposition was noticed in the instant foreclosure action.

know what connection Mr. Caiazzo had to Tribeca. In the absence of any evidence from the Kameniks to support a finding that Mr. Caiazzo's signature was not authentic and authorized, the fact-finder was bound to accept it as such. **See Powell**, **supra** at 618. **See also** 13 Pa.C.S. §§ 1206, 3308(a). Therefore, there was no genuine issue of fact as to the validity of Mr. Caiazzo's indorsement.

The Kameniks' argument that there was an issue of fact regarding whether U.S. Bank had possession of the original note with the allonge attached fails for the same reason. This Court has reversed summary judgment when a mortgage foreclosure defendant had availed himself of the opportunity to view the original note and opposed summary judgment **with an affidavit** representing that his inspection of the documents revealed that the allonge was not attached to the note and did not appear to be original. **See Murray**, **supra** at 1268. However, the record before us contains no indication that the Kameniks inspected the original documents, copies of which were attached to U.S. Bank's complaint and motion for summary judgment, let alone that they produced evidence that created a question for the fact-finder. The Kameniks could not create an issue of fact to defeat summary judgment by making unsupported arguments. **Accord Powell**, **supra** at 621 (holding appellants were entitled to no relief on claim that a material issue of fact existed as to whether the plaintiff was entitled to enforce the note where the plaintiff attached a copy of the original note to the complaint and the

- 10 -

appellants produced no evidence in opposing summary judgment to support their contention that another entity held the original note).

Since we find no support for the Kameniks' attacks upon U.S. Bank's status as bearer of the note indorsed in blank, the trial court properly concluded that U.S. Bank had standing to pursue this action. Therefore, we need not address the Kameniks' arguments that U.S. Bank failed to establish that it had standing by virtue of the assignment of the mortgage. ***See Gerber***, ***supra*** at 859-60. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/20