J-S14006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WACHOVIA BANK, N.A. | : IN THE SUPERIOR COURT OF <br> : PENNSYLVANIA <br> : |
| | : <br> : |
| v. | : <br> : |
| | : <br> : |
| PATRICK F. COSTANTINO, A/K/A PASQUALE F. COSTANTINO, A/K/A PATRICK COSTANTINO, KAREN E. COSTANTINO, A/K/A KAREN ANN KARBOSKI AND THE UNITED STATES OF AMERICA | : <br> : <br> : <br> : <br> : <br> : |
| | : <br> : |
| APPEAL OF: PATRICK F. COSTANTINO, A/K/A PASQUALE F. COSTANTINO, A/K/A PATRICK COSTANTINO | : <br> : <br> : <br> : No. 607 MDA 2016 |

Appeal from the Order Entered March 14, 2016
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2014-06640

BEFORE: GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.: **FILED MARCH 28, 2017**

Appellant, Patrick F. Constantino a/k/a Pasquale F. Constantino a/k/a Patrick Constantino, appeals from the order of the Luzerne County Court of Common Pleas, which entered summary judgment in favor of Appellee, Wells Fargo Bank, N.A., in this mortgage foreclosure action. We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to

_____

*Retired Senior Judge assigned to the Superior Court.

restate them.[1]

Appellant raises two issues for our review:

DID THE [TRIAL] COURT…ERR AS A MATTER OF LAW IN DISMISSING [APPELLANT]'S NEW MATTER ASSERTING THAT [APPELLEE]'S MORTGAGE WAS UNLAWFUL AND IN CONTRAVENTION OF BANKING REGULATIONS?

DID THE [TRIAL] COURT ERR AS A MATTER OF LAW IN GRANTING [APPELLEE]'S MOTION FOR SUMMARY JUDGMENT?

(Appellant's Brief at 4).

With respect to Appellant's first argument challenging "the dismissal of his new matter," we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Rosselli v. Rosselli**, 750 A.2d 355 (Pa.Super. 2000), *appeal denied*, 564 Pa. 696, 764 A.2d 50 (2000) (citing Pa.R.A.P. 2101). **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119.  Argument**

**(a) General rule.**  The argument shall be divided into as many parts as there are questions to be argued; and shall

---

[1] We make the following additions to the trial court's Rule 1925(a)(1) opinion: Appellant and then-wife, Karen Constantino a/k/a Karen Ann Karboski, executed the residential mortgage and promissory note in favor of Wachovia Bank, N.A. on May 5, 2007.  Appellant has not made a single payment since he defaulted on the mortgage on January 26, 2012, and the last payment he made was on December 28, 2011.

have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly:

The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (internal citations and quotation marks omitted). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Appellant fails to cite relevant legal authority to support his argument that the mortgage was unlawful. Instead, he merely cites the legal standard for summary judgment. Appellant baldly states that the

mortgage was unlawful and violated banking regulations because "the cross-collateralization of the loan with the loan of…Appellant's former wife was done after the parties were divorced." Appellant's argument is incoherent and unsupported by relevant legal authority. Appellant's failure to develop his claim on appeal precludes meaningful review and arguably constitutes waiver of his first issue on appeal. **See** Pa.R.A.P. 2119(a); Pa.R.A.P. 2101; ***Whitley, supra***; ***Lackner, supra***; ***Haiko, supra***.

Moreover, with respect to both issues on appeal, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Lesa S. Gelb, we agree Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed June 3, 2016 at 7-16) (finding: preliminarily, Appellant filed 14-issue Rule 1925(b) statement; this case is straightforward mortgage foreclosure action where all relevant facts were presented to court; case does not factually or procedurally justify identification of 14 issues for appellate review; Appellant's Rule 1925(b) statement includes issues, which are entirely misplaced and not intended to be addressed with Superior Court; Appellant's Rule 1925(b) statement is nothing more than attempt to delay final determination in this matter; Appellant waived all issues on appeal for filing unnecessarily complex, incoherent, and lengthy Rule 1925(b) statement; moreover, **(1)** Appellant's new matter did not raise any material issues of

fact but merely stated conclusions of law irrelevant to this foreclosure action; in Appellant's response to Appellee's summary judgment motion, Appellant failed to identify relevant facts in dispute or point to contradictions in record; specifically, Appellant failed to: (a) attach to his response supporting documents; (b) make factual allegations related to other loans and guaranties; and (c) properly identify any cross-collateralization provision; information related to other loans and guaranties are not in record; Appellant failed to identify issue of material fact related to cross-collateralization clause; **(2)** Appellant baldly denied in his answer to Appellee's complaint that he is in default under mortgage and amount due and owing on mortgage; Appellant failed to identify in his answer those payments he claims he made under mortgage; information on Appellant's payments not stated in complaint was within Appellant's control; therefore, Appellant's denial of default is deemed admission of default and amount due and owing under mortgage; Appellant's response to motion for summary judgment rested completely on pleadings; Appellant failed to attach supporting documents to demonstrate genuine issue of material fact). Therefore, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017

Wells Fargo Bank, N.A. s/b/m : In the Court of Common Pleas
Wachovia Bank, National : of Luzerne County
Association :
                                    :
                                    :
                    Appellee       :
                                    : MORTGAGE FORECLOSURE
        vs.                         :
                                    :
                                    :
Patrick F. Constantino, a/k/a      :
Pasquale F. Constantino, and       :
Karen Constantino a/k/a            :
Karen Ann Karboski                 :
                                    :
Patrick F. Constantino,            :
                    Appellant       : No. 6640 of 2014

## OPINION

## Background

On May 28, 2014, Appellee filed a Complaint in Mortgage Foreclosure against Appellant (the "Complaint"). In the Complaint, Appellee alleged that Appellant executed a mortgage to Wachovia Bank, National Association ("Wachovia") in the original principal amount of $240,141.50. Appellee is the successor by merger to Wachovia. The mortgage to Wachovia was recorded at the Luzerne County Recorder of Deeds, Book 3007, Page 161163 (the "Mortgage"). In the Complaint, Appellee alleged that Appellant defaulted

1

on the Mortgage for failure to pay installments of principal and interest due on January 26, 2012. Appellee further explained that, due to the default, Act 6 and Act 91 Notices were sent to Appellant.

According to Appellee, the total amount due and owing by Appellant on the Mortgage through May 8, 2014 was $278,678.91 with per diem interest in the amount of $44.44281 accruing thereafter. At the close of the Complaint, Appellee sought an *in rem* judgment in mortgage foreclosure against Appellant for the amount of $278,678.91.

On December 10, 2014, Appellant filed his Answer and New Matter (the "Answer") in response to the Complaint. In the Answer, Appellant generally denied Appellee's averment alleging a default under the terms of the Mortgage, without listing any payment dates or amounts. Appellant likewise generally denied the amounts alleged to remain due and owing on the Mortgage. Further, Appellant denied as conclusions of fact and law to which no responsive pleading is necessary the averment that the Act 6 and Act 91 Notices

2

were sent. In his New Matter, Appellant raised various irrelevant issues that fail to amount to defenses in the instant matter. Appellee filed its Reply to New Matter on December 31, 2014.

On February 3, 2016, Appellee filed its Motion for Summary Judgment (the "Motion for Summary Judgment"). In the Motion for Summary Judgment, Appellee asserted that there were no issues of material fact remaining and attached various supportive documents to demonstrate Appellant's liability pursuant to the Mortgage. Specifically, Appellee attached the following documents to the Motion for Summary Judgment: the Mortgage and Promissory Note; an Affidavit confirming the default under the Mortgage and the amounts remaining due and owing; Appellant's loan history; and, a copy of the combined Act 6 and Act 91 Notice with proof of mailing. Further, Appellee argued in the Motion for Summary Judgment that Appellant's responses in his Answer effectively operated as admissions to the allegations in the Complaint. Specifically, Appellee claimed that Appellant's answers to averments 10 and 11 of the Complaint amount to admissions to the event of

3

default and the amounts due and owing under the Mortgage. Appellee concluded the Motion for Summary Judgment with the argument that Appellant's New Matter consisted only of conclusions of law, unsupported by facts, which do not serve as defenses in a mortgage foreclosure action.

On March 2, 2016, Appellant filed his Response to the Motion for Summary Judgment. First, in his Response, Appellant incorrectly stated that summary judgment is inappropriate because Appellee failed to answer his New Matter. Indeed, Appellee filed a timely Reply to New Matter on December 31, 2014. Next, Appellant attempted to overcome summary judgment by arguing that the averments in his New Matter raise unresolved issues of material fact. Notably, Appellant's New Matter does not address any issues of fact, rather, it merely states various conclusions of law irrelevant to this mortgage foreclosure action. Finally, Appellant argued in his Response that summary judgment is improper because Appellee relies on its own allegations and deemed admissions by Appellant. Still, throughout his seven (7) page Response, Appellant completely

4

fails to raise any facts relevant to the instant matter which remain in dispute, or point to any contradictions in the record.

By Order dated March 14, 2016, this Court held that Appellee was entitled to summary judgment as a matter of law. Accordingly, this Court entered an *in rem* judgment in favor of Appellee in the amount of $322,327.95 plus interest from January 15, 2016 and other costs and charges collectible under the Mortgage for foreclosure and sale of the mortgaged property. On April 13, 2016, Appellant filed a Notice of Appeal to the Pennsylvania Superior Court. [1] By Order dated April 15, 2016, this Court instructed Appellant to file a Concise Statement of Matters Complained of on Appeal within 21 days. On May 3, 2016, Appellant filed his Concise Statement of Errors Complained of on Appeal, raising fourteen (14) different matters for review. Appellee did not file a response to Appellant's Concise Statement.

---

[1] The other Defendant in this case, Karen Constantino a/k/a Karen Ann Karboski, had a default judgment entered against her on January 21, 2015, and is not involved in the current appeal.

5

## Standard of Review

Upon review of a motion for summary judgment, a court must view the record in the light most favorable to the non-moving party, and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Fine v. Checcio, 582 Pa. 253, 265, 870 A.2d 850, 857 (citing Jones v. SEPTA, 565 Pa. 211, 772 A.2d 435, 438 (Pa. 2001)). The Pennsylvania Rules of Civil Procedure governing summary judgment instruct, in relevant part, that the court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. Pa.R.C.P., Rule 1035.2(1) (2015). Pursuant to the Rules of Civil Procedure, a motion for summary judgment is based upon an evidentiary record that entitles the moving party to judgment as a matter of law. Note to Pa.R.C.P., Rule 1035.2 (2015). The court "...may grant summary judgment only where the right to such a judgment is clear and free from doubt." Checcio, 582

6

Pa. 253, 265, 870 A.2d 850, 857 (citing *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205, 206 (Pa. 1991)).

## Law and Discussion

First and foremost, Appellant waived all issues for appeal because he failed to concisely and coherently identify his matters complained of, as ordered to do so by this Court. According to the Pennsylvania Superior Court, the mere filing of a timely response to the trial court's Pa.R.A.P. 1925(b) order does not automatically equate to issue preservation. Jiricko v. Geico Insurance Company, 947 A.2d 206, 210 (Pa. Super. 2008). The statement is a crucial step in the process because it permits the trial court to focus on those issues an appellant intends to raise. Id. (internal citations omitted). Accordingly, any issues not properly raised will be deemed waived. Id. (internal citations omitted).

Pennsylvania Courts have repeatedly held that an appellant waives all matters for review where he/she identifies an outrageous number of issues in the concise statement. See Jones v. Jones, 878 A.2d 86 (Pa. Super. 2005) (seven page,

7

twenty-nine issue statement resulting in waiver); Signora v. Liberty Travel, Inc., 886 A.2d 284 (Pa. Super. 2005) (appellants admonished for eight page, 25 issue statement and eight page, forty-six issue statement, but court declined to find waiver due to trial court opinion); Kanter v. Epstein, 866 A.2d 394 (Pa. Super. 2004)(fifteen page, fifty-five issue statement resulting in waiver). However, "...the number of issues raised in a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandates of appellate practice." Eiser v. Brown & Williamson Tobacco Corp., 595 Pa. 366, 385, 938 A.2d 417, 427-428 (Pa. 2007). The Pennsylvania Supreme Court has identified the complexity of the matter under review as a consideration for courts to make prior to finding waiver based on sheer volume of the concise statement. Id. at 383, 427.

Additionally, the Pennsylvania Superior Court has explained that an appellant's failure to state his/her issues to be raised on appeal in a concise manner impedes a trial court's

8

ability to prepare an opinion explaining its ruling and, thus, impedes proper appellate review. Kanter, 866 A.2d at 401.

Specifically, by raising an outrageous number of issues and/or by identifying issues which he/she never intends to raise on appeal, an appellant may deliberately circumvent the meaning and purpose of Rule 1925(b). Id. Indeed, under certain circumstances, our courts have held that appellants breach their duty of fair dealing with the court by filing cumbersome statements in an effort to preclude meaningful review. See Jones, 878 A.2d 86; Id. at 402.

In the instant matter, Appellant filed a three page, fourteen issue concise statement. Although the sheer length of the statement may not appear excessive at first glance, one must consider the complexity of this matter. This case involves a straight forward mortgage foreclosure where all relevant documents were presented to this Court and summary judgment granted in favor of Appellee because there were no genuine issues of material fact to be resolved. This is not a case that factually or procedurally justifies the identification of

9

fourteen issues for review by our appellate courts. Appellant's Concise Statement clearly includes issues which are entirely misplaced and which Appellant never intends to address with the Superior Court. For example, Appellant identifies two issues related to counterclaims when no counterclaims have been filed in the matter currently before this Court. In another issue, Appellant claims that this Court's ruling was against the weight of the evidence when there was no trial and the case was disposed of at summary judgment. Aside from these misrepresentations, as described below, Appellant arguably raises two issues for review, but uses eleven numbered paragraphs to do so. It is evident to this Court that Appellant's Concise Statement is nothing more than an attempt to delay a final determination in this matter. Accordingly, this Court holds that, for the reasons stated above, Appellant waived all issues for appellate review by filing a Statement that is neither concise nor coherent and thwarts meaningful review.

Second, in the event that the reviewing court does not agree with this Court's finding of waiver, this Court has

attempted to distill from Appellant's Concise Statement any matters which may be appropriate for review. Although Appellant's Concise Statement inhibits meaningful review by this Court, due to the lack of complexity of the substance and procedural posture of this matter, this Court has identified the following issues for review:

(1) Whether the trial court erred by granting Appellee's Motion for Summary Judgment where genuine issues of material fact exist?

(2) Whether the trial court erred by granting Appellee's Motion for Summary Judgment where a cross-collateralization clause rendered the Mortgage unlawful?

However, despite this Court's attempts to identify issues for review, it is worth noting that "[e]ven if the trial court correctly guesses the issues Appellants raise on appeal and writes an opinion pursuant to that supposition the issues are still waived." Kanter v. Epstein, 866 A.2d 394, 400 (Pa. Super. 2004) (citing Commonwealth v. Heggins, 809 A.2d 908, 911 (Pa. Super. 2002)).

11

The Superior Court has explained as follows:

> In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount. This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings. Cunningham v. McWilliams, 714 A.2d 1054, 1056-1057 (Pa. Super. 1998) (internal citations omitted); Washington Federal Savings and Loan Assoc. v. Stein, 515 A.2d 980, 981 (Pa. Super. 1986).

Pennsylvania Rule of Civil Procedure 1029(b) states "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.C.P., Rule 1029(b) (2015). "A general denial or a demand for proof...shall have the effect of an admission." Id. In First Wisconsin v. Strausser, the Court held that, when a defendant generally denies the amount due and owing the bank, the general denial must be considered an admission and that summary judgment is therefore appropriate. First Wisconsin v. Strausser, 653 A.2d 688 (Pa. Super.

12

1995). The <u>First Wisconsin</u> Court applied the rationale that a defendant/ debtor, apart from the plaintiff/ lender, is the only party who would have sufficient knowledge of which to base a specific denial. <u>Id.</u>

Applying the law to the facts of this case, it is clear that the entry of summary judgment in favor of Appellee was proper. In the Answer, Appellant purports to deny the allegations in averment 10 of the Complaint that he is in default under the terms of the Mortgage for failure to pay installments due on January 26, 2012. Such denial is not specific because it fails to allege payments made under the Mortgage and not otherwise stated in the Complaint. Because such information would be within the control of Appellant, his response to averment 10 must be deemed an admission to the event of default on January 26, 2012. Likewise, Appellant included in the Answer a specific denial to the amounts due and owing on the Mortgage through May 8, 2014, while, again, failing to allege any payments he made that were unaccounted for in the Complaint. Appellant's response to averment 11 of the

13

Complaint must be deemed an admission to the amounts remaining due and owing under the Mortgage.

Further, a party seeking to avoid the entry of summary judgment may not rest on the pleadings. Stein, 515 A.2d at 289. Rather, a party attempting to avoid the entry of summary judgment must demonstrate a genuine issue for trial by utilizing affidavits, admissions, answers to interrogatories, and/or depositions. Id. In the instant matter, Appellant has completely failed to identify any genuine issue which remains in dispute, such that summary judgment should be denied, and the case allowed to proceed to trial. Related to Appellant's failure to identify a remaining issue of fact is his failure to attach any supportive materials to his Response that demonstrate a material dispute of fact. While Appellee attached multiple documents in support of the Motion for Summary Judgment, including the Mortgage and Note, affidavits, and a loan history, Appellant has failed to attach even one document to his Response. Instead, Appellant continues to rest on the pleadings, while arguing that the entry of summary judgment

14

was improper. This argument is simply against the state of the law in this Commonwealth. See Stein, 515 A.2d at 289.

Finally, Appellant indicates that this Court was required to deny Appellee's Motion for Summary Judgment because a cross-collateralization of his loan with a loan provided to his former wife, Defendant Karen Karboski, was completed after their divorce was finalized. Appellant alleged in his New Matter that this rendered the Mortgage unlawful and in contravention of the banking regulations. Also, for the first time, in his Concise Statement, Appellant mentions a guaranty and two other loans allegedly executed by Appellant. As discussed above, a party attempting to avoid the entry of summary judgment must demonstrate that relevant factual issues remain through the use of affidavits, admissions, answers to interrogatories, and/or depositions. Stein, 515 A.2d at 289. Not only did Appellant fail to attach any such materials to his Response to the Motion for Summary Judgment, but he has failed to make any factual allegations related to the other loans and guaranty, and to properly identify any cross-collateralization provision. Neither

15

Appellant's New Matter, nor his Response to the Motion for Summary Judgment provide any identifying information or include copies of such documents which appear wholly irrelevant to the instant mortgage foreclosure matter. As such, no information related to said documents or the documents themselves have been made of record in this case. Due to his failure to identify any issue of material fact related to the cross collateralization clause, Appellant's vague argument is without merit and must fail as a matter of law.

(END OF OPINION)

| Wells Fargo Bank, N.A. s/b/m Wachovia Bank, National Association | : In the Court of Common Pleas of Luzerne County |
|---|---|
| Appellee | : |
| vs. | : MORTGAGE FORECLOSURE |
| Patrick F. Constantino, a/k/a Pasquale F. Constantino, and Karen Constantino a/k/a Karen Ann Karboski | : |
| Patrick F. Constantino, Appellant | : No. 6640 of 2014 |



## ORDER

AND NOW, this 2nd day of June, 2016, the Clerk of

Judicial Records/Prothonotary is hereby directed to serve

notice of the attached Opinion pursuant to Pa. R.C.P. 236 to

the Appellants and Appellee as well furnish a copy to the

Superior Court of Pennsylvania Docket No. 607 MDA 2016.

BY THE COURT:

Lesa S. Gelb, Judge

17

$5^2$

cc:

Mario J. Hanyon, Esquire

Phelan Hallinan Diamond & Jones, LLP

1617 J.F.K. Blvd., Suite 1400

One Penn Center Plaza

Philadelphia, PA 19103


Andrew Katsock, Esquire

15 Sunrise Drive

Wilkes-Barre, PA 18705

18