J-S80017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYAN M. BAROSH AND, | : | |
| CHRISTOPHER BAROSH | : | |
| | : | |
| | : | No. 1667 EDA 2018 |
| | : | |

Appeal from the Order Entered May 1, 2018
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2016-00095-0157

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                **FILED MAY 17, 2019**

Christopher Barosh appeals *pro se* from the order granting the motion for summary judgment filed by Wells Fargo Bank, N.A. ("Bank"), in this *in rem* mortgage foreclosure action.  We affirm.

On July 6, 1998, Appellant and his brother, Bryan M. Barosh[1] (collectively "the Barosh brothers"), executed a mortgage and promissory note in the principal sum of $120,000, which was secured by real property they owned located at 350 South River Road, Unit A14, in New Hope,

_____

[1] Bryan Barosh is not a party to this appeal.

Pennsylvania ("the property").[2]  The mortgage was executed in favor of First Union Mortgage Corporation, and was duly recorded by the Bucks County Recorder of Deeds on July 9, 1998.  The mortgage was subsequently assigned to Bank.[3]

The Barosh brothers defaulted under the terms of the loan documents by failing to pay the monthly mortgage payment due on January 1, 2014, and every month thereafter.  On July 8, 2015, a notice of intent to foreclose on the mortgage was mailed to the Barosh brothers, who failed to cure the default within the time proscribed by the notice.  On January 7, 2016, Bank filed a complaint in mortgage foreclosure seeking an *in rem* judgment against the Barosh brothers in the amount of $104,995.63 plus interest, costs, and fees.[4]  Appellant, individually, filed preliminary objections which were overruled.  On June 6, 2017, Appellant filed an answer, new matter, and counterclaims

---

[2] This was one of three mortgages executed on the property by the Barosh brothers.  **See** Trial Court Opinion, 7/24/18, at 2.

[3] The mortgage was initially transferred to Mortgage Electronic Registration Systems, Inc., as nominee for Wells Fargo Home Mortgage, Inc., before it was assigned to Bank.  All transfers were duly recorded.

[4] Bank previously brought a separate mortgage foreclosure action relating to a different mortgage executed and delivered by the Barosh brothers for the same property.  **Wells Fargo Bank, N.A. v. Bryan M. Barosh**, 183 A.3d 1046 (Pa.Super. 2018) (unpublished memorandum) (reversing summary judgment for Bank, and remanding for further proceedings).  The status of that action is not reflected in the record.

against Bank.[5]  In response, Bank filed preliminary objections on the basis that, *inter alia*, Appellant sought *in personam* money damages that were inappropriate in an *in rem* mortgage foreclosure proceeding.  The trial court agreed, sustained Bank's preliminary objections, and dismissed the amended pleading.  Appellant filed a motion for reconsideration, following which the trial court granted Appellant leave to file an amended answer and new matter.  On May 25, 2017, Appellant filed an amended answer and new matter wherein he generally denied the substantive averments of the foreclosure complaint.

Throughout 2017, the parties engaged in unsuccessful efforts to settle the matter.  During this timeframe, Appellant attempted to sell the property; however, no sale was consummated.  On December 11, 2017, Appellant filed a motion for summary judgment seeking a set-off against the mortgage amount owed to Bank under the note.  Specifically, Appellant requested that $63,367.19 be deducted from the balance due under the note for costs he purportedly incurred while the foreclosure litigation was pending, including condo fees, taxes, attorney fees, water/sewer fees, and late fees.  Bank thereafter filed a motion for summary judgment seeking an *in rem* judgment in the amount of $115,773.86.  The Barosh brothers filed a joint answer to

_____

[5] Appellant also filed a counterclaim against Bryan Barosh, who had not yet appeared in the action.

Bank's motion.[6]  On May 1, 2018,[7] the trial court entered an order denying

Appellant's motion for summary judgment, granting Bank's motion for

summary judgment, and entering an *in rem* judgment against the Barosh

brothers.  Appellant, individually, filed a timely notice of appeal and a court-

ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on

appeal.

Appellant raises the following issues for our review:

1. Whether the [trial] court did err by failing to rule on the merits of [Appellant's] cross summary judgment motion when [Appellant] did properly *praecipe* it for adjudication?

2. Whether the [trial] court did err by granting summary judgment in favor of [Bank] where there existed genuine issues of material fact to be adjudicated regarding [Appellant's] set-off of $63,367.19 against the mortgage amount putatively owed to [Bank]?

3. Whether the [trial] court abused its discretion or committed error of law by failing to enter partial summary judgment in accordance with Pa.R.[C.]P. 1035.5 where the amounts that [Appellant] paid, and [Appellant's] set-off, were in controversy in amounts in excess of $60,000.00

4. Whether the [trial] court abused its discretion or committed error of law in granting summary judgment in favor of [Bank] for $115,773.86 where [Bank] refused to accept full payment at three (3) prior property closings over a period of three (3) years, caused the amount owed to be increased, and caused

---

[6] Bryan Barosh entered his appearance in the litigation approximately one month before Bank filed its motion for summary judgment.

[7] Although the order is dated April 30, 2018, it was not entered on the docket until May 1, 2018.  We have changed the caption accordingly.

[Appellant] to loose [sic] the ready, willing and able buyer for the . . . property?

5. Whether the [trial] court abused its discretion or committed error of law by granting a remedy that was not consistent with the requested relief in [Bank's] summary judgment wherefore statement, as [Bank] requested summary judgment only against [Appellant], individually, . . . and then the court granted a judgment against "Bryan and Christopher Barosh . . .?"

Appellant's brief at 3-4 (unnecessary capitalization omitted, issues renumbered for ease of disposition).

In each of his issues, Appellant challenges the trial court's summary judgment rulings. This Court's scope and standard of review of a trial court's order granting summary judgment is well-settled:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa.Super. 2013) (cleaned up); *see also* Pa.R.C.P. 1035.2. Furthermore, we are guided by the following:

> [t]he holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

*Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464-65 (Pa.Super. 2014) (citation omitted); *see also First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 694 (Pa.Super. 1995) (providing that summary judgment is proper in mortgage foreclosure actions where the mortgagor admits the delinquency of his mortgage payments). "This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa.Super. 1998).

Confronted with a motion for summary judgment setting forth evidence establishing the moving party's right to relief, "the adverse party may not rest upon the mere allegations or denials of the pleadings," Pa.R.C.P. 1035.3(a), but must identify evidence controverting the evidence cited in support of the motion or establishing the facts essential to the defense that the motion cites as not having been produced, Pa.R.C.P. 1035.3(a)(1)-(2). "[P]arties seeking to avoid the entry of summary judgment against them . . . are required to show, by depositions, answers to interrogatories, admissions[,] or affidavits, that there is a genuine issue for trial." *Wash. Fed. Sav. & Loan Assn. v.*

*Stein*, 515 A.2d 980, 981 (Pa.Super. 1986) (affirming summary judgment in mortgage foreclosure).

Additionally, in a mortgage foreclosure action, the mortgagors and mortgagee are the only parties with sufficient knowledge upon which to base a specific denial. *New York Guardian Mortg. Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa.Super. 1987). Thus, responsive pleadings in a mortgage foreclosure action must contain specific denials. *Gibson*, *supra* at 466-67. General denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts. *Strausser*, *supra* at 692.

In his first issue, Appellant claims that the trial court erred by failing to rule on his motion for summary judgment, wherein he sought a set-off for costs he purportedly incurred while the foreclosure litigation was pending, including, condo fees, taxes, attorney fees, water/sewer fees, and late fees.

We find no merit to this issue. The trial court explicitly denied Appellant's motion for summary judgment in its May 1, 2018 order, wherein it stated "[i]t is further ORDERED and DECREED that the Motion for Summary Judgment filed by [Appellant] is DENIED and DISMISSED." Trial Court Order, 5/1/18, at 1. In that same order, the trial court explained the basis for its ruling, as follows:

> In his motion for summary judgment, [Appellant] admits that there are no genuine issues of material fact and that [Bank] is entitled to summary judgment as a matter of law. [Appellant] merely seeks this court enter an order granting [Appellant] a

credit of $63,367.19 for his expenses incurred while this mortgage foreclosure action was being litigated. After considering the merits of the parties' respective positions, we find no adequate basis upon which [Appellant] is entitled to any credit or set-off amount. Further, [Appellant] has failed to praecipe his motion for disposition as required by the Bucks County Rule of Civil Procedure.

*Id*. at fn.1 (unnecessary capitalization omitted).[8] For these reasons, Appellant's first issue is meritless.

As Appellant's second, third, and fourth issues are related, we address them together. In his second issue, Appellant argues that the trial court erred in entering summary judgment in favor of Bank when his requested set-off of $63,367.19 created a genuine issues of material fact regarding the mortgage debt amount owed to Bank. In his third issue, Appellant contends that the trial court erred by failing to enter an order specifying the amounts paid on the mortgage and the amount of set-off owed to Appellant. In his fourth issue, Appellant argues, without explanation, that the trial court erred by entering summary judgment in favor of Bank where it refused payments from title companies, prevented property closings to increase the amount owed, caused Appellant to lose a buyer and over $200,000 in home equity, and intentionally

---

[8] In its opinion, the trial court explained that, although Appellant filed his motion for summary judgment on December 11, 2017, he failed to *praecipe* for disposition until April 30, 2018, which was the date the court entered its order denying Appellant's motion for summary judgment and granting Banks' motion for summary judgment. *See* Trial Court Opinion, 7/24/18, at 4 fn.2. Despite this procedural defect, the court deemed it necessary to evaluate the merits of Appellant's motion prior to ruling on Bank's motion. *Id*. at 11.

delayed the foreclosure proceedings in order to obtain the deed "for pennies on the dollar." Appellant's brief at 16-17.

In Pennsylvania, the scope of a foreclosure action is very narrow, and "is limited to the subject of the foreclosure, *i.e.*, disposition of property subject to any affirmative defenses to foreclosure or counterclaims arising from the execution of the instrument(s) memorializing the debt and the security interest in the mortgaged property." **Rearick v. Elderton State Bank**, 97 A.3d 374, 383 (Pa.Super. 2014). "The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." **Gibson**, **supra** at 465 (citation omitted).

Here, the trial court granted Bank's motion for summary judgment, in part, based on Appellant's general denials to the averments in the foreclosure complaint, which the court deemed to be admissions. **See** Trial Court Opinion, 7/24/18, at 6-8. We agree. In his answer, Appellant claimed that he did not have to respond to, and thus offered only general denials to the averments that the Barosh brothers are record owners of the property, they executed the subject mortgage on the property, Bank is the mortgage holder, and that the mortgage is in default.[9] Amended Answer, 5/25/17, at unnumbered 1-4. As

_____

[9] Appellant claimed that he did not have to respond to the substantive averments of Bank's complaint on the basis that they either called for a legal conclusion, or referenced a writing which speaks for itself. Amended Answer, 5/25/17, at unnumbered 1-4.

Appellant failed to lodge specific denials to the substantive averments of the foreclosure complaint, the trial court properly deemed his general denials to be admissions. *See Bayview Loan Servicing, LLC v. Wicker*, 163 A.3d 1039, 1044 (Pa.Super. 2017) (holding that "general denials constitute admissions where . . . specific denials are required"); *see also Strausser*, *supra* at 692 (stating that general denials "as to the principal and interest owing [on the mortgage] must be considered an admission of those facts"). Notably, Appellant does not dispute that his general denials constituted admissions to the substantive averments to the foreclosure complaint.

Further, the record reflects that Bank supported its motion with copies of the promissory note signed by Appellant and endorsed in blank, as well as the mortgage, and the assignment of the mortgage to Bank. *See* Bank's Motion for Summary Judgment, 12/13/17, at Exhibits B, E. Bank also supported its motion with the affidavit of its Vice President of Loan Documentation, Cynthia A. Thomas. *See id*. at Exhibit F. In her affidavit, Ms. Thomas attested that she was a Bank employee, and that based on her personal knowledge and review of Bank's records, which were prepared in the regular course of business at or near the time of the events described therein, the mortgagors had failed to make the mortgage payment due on January 1, 2014, and every month thereafter, and had failed to cure the default, resulting in an amount due of $115,773.86 under the note. *Id*. at ¶¶1-2, 4-6.

Confronted with Bank's motion for summary judgment setting forth evidence establishing its right to relief, it was incumbent upon Appellant to establish one or more issues of fact arising from the evidence cited in support of Bank's motion. *Stein*, *supra* at 981. Yet, Appellant offered no evidence in opposition to Bank's motion for summary judgment on the question of his default on the mortgage debt. Instead, he expressly admitted that (1) the mortgage on the property secured the note in the original principle amount of $120,000; (2) the note is endorsed in blank; (3) Bank is in possession of the original note; (4) Bank is the real party in interest and has standing to bring the action; and (5) a copy of the original note was attached to the motion. *See* Appellant's Opposition to Bank's Motion for Summary Judgment, 1/8/18, at ¶¶ 1-4. Thus, the trial court did not err in determining that the evidence of record warranted the entry of an *in rem* judgment in Bank's favor.

Moreover, Appellant's sole defense to the motion consisted of his incorporation by reference of his motion for summary judgment. Notably, in his motion for summary judgment, Appellant conceded that he had defaulted on the mortgage debt, and offered to pay the balance of the debt minus a requested a set-off for costs unrelated to the mortgage transaction based on Bank's purported failure to accept settlement offers during the course of the foreclosure litigation. *See* Appellant's Motion for Summary Judgment, 12/11/17, at ¶¶4-13.

While a mortgagee in a foreclosure proceeding may assert defenses arising from the execution of the instruments memorializing the debt and the security interest in the mortgaged property, **Rearick**, **supra** at 383, the mortgagee is not permitted to assert new matter or counterclaims based on events occurring after execution of the mortgage documents and after the default has occurred. **See Strausser**, **supra** at 695 (holding that Pa.R.C.P. 1148 does not permit counterclaims in mortgage foreclosure actions where the facts giving rise to the counterclaims occur after the creation of the mortgage and after the mortgagors were in default); **see also Nicholas v. Hofmann**, 158 A.3d 675, 697 (Pa.Super. 2017) (holding that while Pa.R.C.P. 1148 does not govern affirmative defenses listed as new matter, such defenses must be more than a restatement or continuation of an impermissible counterclaim).

Appellant cannot raise in response to Bank's summary judgment motion a defense that he was precluded from raising in his answer to the foreclosure complaint as new matter or a counterclaim. Appellant's requested set-off for his post-default costs as a penalty for Bank's purported failure to accept Appellant's settlement offers during the foreclosure litigation do not arise from the execution of the mortgage documents. **Rearick**, **supra**. Moreover, such claims are based entirely on facts which occurred after the execution of the loan documents, and after the Barosh brothers had defaulted on the note. **Strausser**, **supra**. Accordingly, the trial court did not err in determining that

these claims did not raise a genuine issue of material fact precluding summary judgment in Bank's favor. *See* Trial Court Opinion, 7/24/18, at 12 (explaining that "[t]he failure of settlement negotiations or the terms of a proposed settlement agreement are irrelevant to a summary judgment determination in an *in rem* proceeding"). Thus, Appellant's second, third, and fourth issues warrant no relief.

In his final issue, Appellant points to the wherefore statement in Bank's motion for summary judgment and asserts that, since Bank only requested summary judgment against him, individually, the trial court erred by entering judgment against both Appellant and his brother. We find no merit to Appellant's argument. Bank sought an *in rem* judgment in order to effect a judicial sale of the property, which was owned by the Barosh brothers. Bank named them both as defendants in the action, and sought an *in rem* judgment in mortgage foreclosure of the property in the wherefore clause of the complaint. In its motion for summary judgment, Bank averred that the Barosh brothers, as mortgagors, were in default under the terms of the mortgage. At the time Bank filed its motion for summary judgment, Bryan Barosh had not filed an answer to the complaint. Thus, Bank was permitted only to pursue summary judgment against Appellant at that time. *See* Pa.R.A.P. 1035.2 cmt. ("Only the pleadings between the parties to the motion for summary judgment must be closed prior to the filing the motion.").

- 13 -

However, soon thereafter, Bryan Barosh filed an answer and new matter to the complaint, and the Barosh brothers filed a joint answer to Bank's motion for summary judgment. Thus, at the time the trial court ruled on Bank's motion for summary judgment, all pleadings were closed, Bank was permitted to pursue summary judgment against both mortgagors, and Appellant and his brother, as said mortgagors, were actively opposing summary judgment. The cases cited by Appellant are factually and legally distinguishable, and therefore do not inform our decision. As we discern no error in the trial court's entry of an *in rem* judgment against the Barosh brothers, Appellant's final issue warrants no relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/19