J-A22003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LSF9 MASTER PARTICIPATION TRUST | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| JEAN DESY, THOMAS MUELLER, IN HIS CAPACITY AS HEIR OF FRANCES MUELLER, DECEASED; MARY R. MUELLER, IN HER CAPACITY AS HEIR OF FRANCES MUELLER, DECEASED; AND UNKNOWN HEIRS, SUCCESSORS, ASSIGNS, AND ALL PERSONS, FIRMS, OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER FRANCIS J. MUELLER, DECEASED. APPEAL OF THOMAS MUELLER | : : : : : : : : : : : | No. 95 EDA 2019 |

Appeal from the Judgment Entered December 28, 2018
In the Court of Common Pleas of Monroe County Civil Division at No(s):
3150 CV 2013

BEFORE: MURRAY, J., STRASSBURGER, J.*, and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.: **FILED OCTOBER 03, 2019**

Thomas Mueller (Appellant) appeals from the judgment entered in favor of LSF9 Master Participation Trust (Appellee) in this mortgage foreclosure action. Upon review, we affirm.

The trial court recounted the factual and procedural background as follows:

---

* Retired Senior Judge assigned to the Superior Court.

Frances Mueller and Jean Desy executed a Mortgage and Promissory Note with Bank of America on April 24, 2009. The mortgage was assigned to Nationstar Mortgage, LLC ([] Nationstar) by Bank of America, which was recorded on January 11, 2013. On January 7, 2013, the loan went into default and Nationstar sent both Frances Mueller and Jean Desy notice of the default.

This action was commenced as a [c]omplaint in [m]ortgage [f]oreclosure by Nationstar against Frances Mueller and Jean Desy on April 15, 2013. Defendant Frances Mueller filed an Answer with New Matter on May 20, 2013. Nationstar's Response to New Matter was filed on June 7, 2013. A Praecipe for In Rem Judgment for Failure to Answer was filed on August 15, 2013 against Jean Desy for failure to file an answer and a judgment was entered against Jean Desy. The first motion for summary judgment was filed by Nationstar on March 25, 2014, and briefs were filed by both Nationstar and Frances Mueller. Following oral argument, the Motion for Summary Judgment was denied on May 7, 2014. The mortgage was assigned to [Appellee] on November 8, 2016. A Praecipe for Voluntary Substitution of [Appellee] was filed on November 14, 2016, and [Appellee] assumed control of this action.

[Appellee] filed a second motion for summary judgment on February 6, 2017. Notice of Death of Defendant Frances Mueller was filed on April 4, 2017. The Motion for Summary Judgment was withdrawn on April 17, 2017. [Appellee] then moved to amend its Complaint on July 26, 2017, which was granted on July 27, 2017. The Amended Complaint was filed on August 9, 2017, wherein [Appellant] was named a party to the action, in his capacity as heir to Frances Mueller. The Amended Complaint also included Mary R. Mueller, in her capacity as heir to Frances Mueller, and also included as Defendants any unknown heir, successors, assigns, and all persons firms, or associations claiming right, title, or interest from or under Frances Mueller.

On October 10, 2017, a Praecipe to Reinstate Amended Civil Action/Mortgage Foreclosure was filed, and [Appellant] filed an Answer with New Matter on October 11, 2017. [Appellee] filed a Praecipe to Reinstate Amended Civil Action/Mortgage Foreclosure on November 3, 2017. [Appellee] filed a Reply to [Appellant's] New Matter on November 14, 2017. [Appellee] filed a Praecipe for *In Rem* Judgment for Failure to Answer and Assessment of

> Damages on January 31, 2018 against the non-responding parties, Jean Desy, Mary Mueller, and known heirs. [Appellee] filed a third motion for summary judgment, and its brief, on June 7, 2018. [Appellant] filed his brief in opposition on August 3, 2018.

Trial Court Opinion, 11/20/18, at 1-3 (footnotes omitted).

On November 20, 2018, the trial court granted Appellee's third motion for summary judgment and entered judgment in favor of Appellee and against Appellant "for $150,779.50 plus interest from June 12, 2018 and other costs and charges collectible under the mortgage foreclosure and sale of the mortgaged property." Trial Court Order, 11/20/18. Appellant filed a notice of appeal on December 20, 2018. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.[1]

Appellant presents two issues for our review:

1. Did the [c]ourt below err as a matter of law in dismissing the issues raised by Appellant[] in his New Matter against the []Appellee's mortgage foreclosure complaint?

2. Did the [c]ourt below err as a matter of law in granting the []Appellee's Motion for Summary Judgment?

Appellant's Brief at 4.

---

[1] On December 28, 2018, in response to Appellee's praecipe, the Monroe County Prothonotary entered final judgment in favor of Appellee and against Appellant and his co-defendants in the amount of $153,126.52. Although Appellant's notice of appeal was filed prior to the entry of judgment, "appellate jurisdiction may be perfected after the notice of appeal has been filed upon docketing of a final judgment." *See Reuter v. Citizens & Northern Bank*, 599 A.2d 673, 676 (Pa. Super. 1991); *Arcadia Co., Inc. v. Peles*, 576 A.2d 1114 (Pa. Super. 1990).

Because Appellant's issues are related, we address them together. We begin with our standard of review:

> We review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report. In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact.

*Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014) (citations omitted).

With regard to mortgage foreclosures:

> The holder of a mortgage has the right, upon default, to bring a foreclosure action. Additionally, the holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. The foreclosing party can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank.

*Gerber v. Piergrossi*, 142 A.3d 854, 859-60 (Pa. Super. 2016) (citation omitted). "This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998).

When responding to a motion for summary judgment setting forth evidence establishing the moving party's right to relief, "the adverse party may not rest upon mere allegations or denials of the pleadings," Pa.R.C.P.

1035.3(a), but must identify evidence controverting the evidence cited in support of the motion or establishing facts essential to the defense that the motion cites as not having been produced. Pa.R.C.P. 1035.3(a)(1)-(2). "[P]arties seeking to avoid the entry of summary judgment against them . . . are required to show, by depositions, answers to interrogatories, admissions[,] or affidavits, that there is a genuine issue for trial." *Wash. Fed. Sav. & Loan Assn. v. Stein*, 515 A.2d 980, 981 (Pa. Super. 1986). Moreover, responsive pleadings in a mortgage foreclosure action should include specific denials; general denials constitute admissions. *See* Pa.R.C.P. 1029(b); *Gibson*, 102 A.3d at 466-67.

Here, the trial court articulated:

> [Appellee], as successor to Nationstar by assignment, has proven that it is the current mortgagee of record. The chain of assignment provided in [Appellee's Exhibit A-2] shows notarized assignments from Bank of America to Nationstar; from Nationstar to Secretary of Housing and Urban Development; and, lastly, from Secretary of Housing and Urban Development to [Appellee]. [Appellant] has neither produced nor cited any evidence in the record to establish that [Appellee] is not the mortgage holder or note holder. As the current mortgagee of record, [Appellee] has established that it has standing to pursue this action.

> [Appellant] contends that Mortgage Electronic Recording Systems, Inc., [(MERS)] "had no apparent authority or actual authority to execute the Assignment of Mortgage." [Appellant's Answer at ¶ 2]. However, [Appellant] again cites no authority, nor provides any evidence raising a material issue of fact to preclude summary judgment. And in fact, MERS does not appear in the Mortgage, the Note, or in any of the Assignments. [Appellant] asserts that an Assignment of Mortgage is ineffective for assigning an interest of MERS, who "is not the true lender on the mortgage," but as MERS was never assigned the mortgage in

the chain of assignment, [Appellant's] issue with MERS, and the assignment generally, is without merit.

[Appellant] denies that default occurred for [Appellee's] failure "to provide [Appellant] with written notice of [b]reach as required by the Note and the Mortgage," and of "notice of acceleration," and "notice of a change of the loan servicer." [Appellee's Complaint at ¶ 5]. However, the mortgage does not require notice to be given to non-mortgagors with mere possible future interest to mortgagors' estate as an heir. All of these notices were provided to the mortgagors, Frances Mueller and Jean Desy, in timely fashion. Here, [Appellant] again fails to establish a genuine issue of material fact to prevent summary judgment.

[Appellant] also denies the amount actually due, but presents no genuine issue of material fact to contradict [Appellee's] evidence of the loan history. [Appellant] can be reasonably expected to have evidence of his own payments to the subject loan. Instead, [Appellant] rests on his averments that the amount due may be different from the loan history provided by [Appellee]. [Appellant's] denial is therefore insufficient to establish a genuine issue of material fact to prevent summary judgment.

[Appellant] has raised numerous additional affirmative defenses in his new matter, but has not presented any genuine issue of material fact that would support his averments. As previously stated, a party opposing a motion for summary judgment may not rest on mere allegations. Pa.R.C.P. 1035.3. We find that [Appellee] has established that no genuine issue of material fact as to a necessary element as to the cause of action exists and that [Appellee] is entitled to judgment as a matter of law.

Trial Court Opinion, 11/20/18, at 4-5 (footnotes citing the record omitted).

The trial court's analysis is supported by the record. For example,

Appellee averred:

5. The mortgage is in default because the monthly payments of principal and interest upon said mortgage due 04/01/2012 and each month thereafter are due and unpaid, and by the terms of

said mortgage, upon failure of [Appellant] to make such payments after a date specified by written notice sent to [Appellant], the entire principal balance and all interest due thereon are collectible forthwith.

Appellee's Amended Complaint, 8/9/17, at ¶ 5.

In response, Appellant generally denied default:

5. Paragraph five (5) is denied. Default never occurred as [Appellee] failed to provide [Appellant] with written notice of [b]reach as required by the Note and the Mortgage. [Appellee] failed to provide [Appellant] with the written notice of acceleration as required by the Mortgage. [Appellee] also failed to provide [Appellant] with written notice [of] a change of the loan servicer [as] required by 15 U.S.C. §1641(g), 24 C.F.R. 3500.21(d) and by the mortgage. [Appellee's] right to demand any payment or collect any payment from [Appellant] is denied. **As well, the allegation that the Mortgage is in default is a conclusion of law to which no response is required on the part of [Appellant].** The allegation is, therefore, denied and, if relevant, strict proof thereof is demanded at trial. Furthermore, for the reasons hereinafter set forth in [Appellant's] New Matter, the Mortgage is void and, thus, unenforceable against [Appellant].

Appellant's Answer and New Matter, 10/11/17, at ¶ 5 (emphasis added).

Appellant's general denial is an admission. *See First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. 1995) (refusing to permit the mortgagor to generally deny the total amount due on the mortgage by characterizing it as a conclusion of law); *see also* Pa.R.C.P. 1029(b); Pa.R.C.P. 1029(c), Note. In his brief in opposition to summary judgment, Appellant referenced no "specific denials" or facts, and simply declared that he "will not restate herein all of the facts set forth in the Answer to the Complaint, and the items of New Matter included in the pleadings." Appellant's Brief in Opposition to Summary Judgment, 8/3/18, at 4. Thus,

Appellant failed to present a "genuine issue for trial," because a "nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." ***Gibson***, 102 A.3d at 464; ***see also*** Pa.R.C.P. 1035.3(a).

As to the trial court's dismissal of Appellant's new matter, Appellant argues that he presented claims that Appellee "and/or its assignor breached the covenant of good faith and fair dealing in the initial lending," which constitute "genuine issues of material fact left to be decided regarding the formation of the mortgage." Appellant's Brief at 11-14. However, our review again confirms that Appellant failed to "present[] any genuine issue of material fact that would support" the affirmative defenses raised. Trial Court Opinion, 11/20/18, at 5. Instead of pleading facts in support of his claims, Appellant's new matter contains numerous conclusory statements, none of which specifies facts derivative of depositions, answers to interrogatories, admissions, or affidavits. ***See*** Appellant's Answer and New Matter, 10/11/17, at 5-23; ***see also Wash. Fed. Sav. & Loan Assn.***, 515 A.2d at 981.

In sum, the record reveals no abuse of discretion by the trial court in entering summary judgment where the pleadings indicate Appellant presented no genuine issue of material fact, such that Appellee was entitled to judgment as a matter of law.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/3/19